IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                                 CRIMINAL NO. 3:14 CR 114 DPJ-FKB

RODNEY GERALD HENDERSON                    21 U.S.C. § 846
CHRISTOPHER RAYNARD KIDD                    21 U.S.C. § 841(a)(1)
RONNIE ROUND
THOMAS ODELL MASON
JAKEIVIA FAIRLEY
BEATRICE WILLIAMS MCENTEE and
JAMIE TAVARE THAMES

**The Grand Jury charges:**

COUNT 1

Beginning at a date unknown but as early as March 2013, and continuing through the date of the indictment, in Scott, Newton, Leake, and Neshoba Counties, in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendants, **RODNEY GERALD HENDERSON, CHRISTOPHER RAYNARD KIDD, RONNIE ROUND, THOMAS ODELL MASON, JAKEIVIA FAIRLEY, BEATRICE WILLIAMS MCENTEE and JAMIE TAVARE THAMES,** knowingly and willfully did conspire with each other and others known and unknown to the grand jury, to knowingly and intentionally distribute actual Methamphetamine, a Schedule II controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code.

All in violation of Section 846, Title 21, and Section 2, Title 18, United States Code.

**QUANTITY OF METHAMPHETAMINE INVOLVED IN THE CONSPIRACY**

With respect to **RODNEY GERALD HENDERSON**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is 50 grams or more of actual Methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(A).

With respect to **CHRISTOPHER RAYNARD KIDD**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is 50 grams or more of actual Methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(A).

With respect to **RONNIE ROUND**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is a quantity of actual Methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(C).

With respect to **THOMAS ODELL MASON**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is 50 grams or more of actual Methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(A).

With respect to **JAKEIVIA FAIRLEY**, the amount involved in the conspiracy attributable to her as a result of her conduct, and the conduct of other conspirators reasonably foreseeable to her, is quantity of actual Methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(C).

With respect to **BEATRICE WILLIAMS MCENTEE**, the amount involved in the conspiracy attributable to her as a result of her conduct, and the conduct of other conspirators

reasonably foreseeable to her, is a quantity of actual Methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(C).

With respect to **JAMIE TAVARE THAMES,** the amount involved in the conspiracy attributable to his as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is 5 grams or more of actual Methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(B).

## COUNT 2

On or about May 21, 2012, in Scott County, in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendant, **JAMIE TAVARE THAMES,** aided and abetted others known and unknown to the Grand Jury, did knowingly and intentionally distribute a quantity of actual Methamphetamine, a Schedule II controlled substance, in violation of Section 841(a)(1), Title 21, and Section 2, Title 18, United States Code.

## COUNT 3

On or about May 24, 2012, in Scott County, in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendant, **JAMIE TAVARE THAMES,** aided and abetted others known and unknown to the Grand Jury, did knowingly and intentionally distribute a quantity of actual Methamphetamine, a Schedule II controlled substance, in violation of Section 841(a)(1), Title 21, and Section 2, Title 18, United States Code.

## COUNT 4

On or about July 17, 2012, in Scott County, in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendant, **JAMIE TAVARE THAMES,** aided and abetted others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute 5 grams or more of actual Methamphetamine, a Schedule II controlled substance, in violation of Section 841(a)(1), Title 21, and Section 2, Title 18, United States Code.

COUNT 5

On or about January 3, 2014, in Newton County, in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendant, **RODNEY GERALD HENDERSON**, aided and abetted others known and unknown to the Grand Jury, did knowingly and intentionally distribute 5 grams or more of actual Methamphetamine, a Schedule II controlled substance, in violation of Section 841(a)(1), Title 21, and Section 2, Title 18, United States Code.

COUNT 6

On or about March 13, 2014 through March 21, 2014, in Scott County, in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendants, **RODNEY GERALD HENDERSON and THOMAS ODELL MASON**, aided and abetted each other and others known and unknown to the Grand Jury, did knowingly and intentionally distribute actual Methamphetamine, a Schedule II controlled substance, in violation of Section 841(a)(1), Title 21, and Section 2, Title 18, United States Code.

COUNT 7

On or about March 15, 2014 through March 21, 2014, in Scott County, in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendants, **RODNEY GERALD HENDERSON, RONNIE ROUND, JAKEIVIA FAIRLEY, BEATRICE WILLIAMS MCENTEE and JAMIE TAVARE THAMES**, aided and abetted each other and others known and unknown to the Grand Jury, did knowingly and intentionally distribute actual Methamphetamine, a Schedule II controlled substance, in violation of Section 841(a)(1), Title 21, and Section 2, Title 18, United States Code.

COUNT 8

On or about April 21, 2014, in Scott County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendant, **RODNEY GERALD HENDERSON**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and

intentionally distribute 50 grams or more of actual Methamphetamine, a Schedule II controlled substance, and death of another resulted from the use of distributed actual Methamphetamine, in violation of Section 841(a)(1), Title 21, and Section 2, Title 18, United States Code.

### COUNT 9

On or about April 30, 2014 through May 5, 2014, in Scott County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendants, **RODNEY GERALD HENDERSON and CHRISTOPHER RAYNARD KIDD**, aided and abetted each other and others known and unknown to the Grand Jury, did knowingly and intentionally distribute 50 grams or more of actual Methamphetamine, a Schedule II controlled substance, in violation of Section 841(a)(1), Title 21, and Section 2, Title 18, United States Code.

### NOTICE OF FORFEITURE

As a result of committing the offenses as alleged in this Indictment, the defendants, **RODNEY GERALD HENDERSON, CHRISTOPHER RAYNARD KIDD, RONNIE ROUND, THOMAS ODELL MASON, JAKAVIE FAIRLEY, BEATRICE WILLIAMS MCENTEE, and JAMIE TAVARE THAMES**, shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses.

Further, if any property described above, as a result of any act or omission of the defendants: a) cannot be located upon the exercise of due diligence; b) has been transferred or sold to, or deposited with, a third party; c) has been placed beyond the jurisdiction of the Court; d) has been substantially diminished in value; or e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a

judgment of forfeiture of any other property of said defendant up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Sections 981(a)(1)(C), Title 18, United States Code; Section 853, Title 21, United States Code; and Section 2461, Title 28, United States Code.

_____
GREGORY K. DAVIS
United States Attorney

A TRUE BILL:
S/SIGNATURE REDACTED
Foreperson of the Grand Jury

This Indictment was returned in open court by the foreperson or deputy foreperson of the Grand Jury on this the 19th day of August, 2014.

_____
UNITED STATES MAGISTRATE JUDGE